UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

THOMAS HUTCHINSON AND
TMC STORES, INC.,

Plaintiffs,

v.

NUTRO PRODUCTS, INC.,
PETSMART, INC. AND
PETCO ANIMAL SUPPLIES, INC.,

Defendants.

Civil File No.: 00-1929 (MJD/JGL)

PROTECTIVE ORDER

---

Upon the stipulation of the parties hereto, by and through their respective counsel, for issuance of a Protective Order pursuant to Rule 26(c), Fed. R. Civ. Proc., to prevent disclosure of confidential information, and good cause appearing why such Order should be entered,

IT IS HEREBY ORDERED that:

1. Right to Designate Information as Confidential.

Counsel of record for any party (hereinafter "designating party") may designate as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" any information (regardless of form) which the designating party produces or furnishes in response to another party's request or interrogation, which such counsel in good faith deems confidential, constituting or relating to a trade secret or other confidential research, development, financial or sales information, including



FILED APR 23 2001
FRANCIS E. DOSAL, CLERK
JUDGEMENT ENT'D
DEPUTY CLERK

but not limited to volume of sales, profits, and customer names, distribution or pricing agreements, proprietary or commercial information, which meets the definition of Confidential Information set forth in paragraph 2 hereof, regardless of who produced or furnished such information.

2. Definition of Confidential Information.

As used herein, the term "confidential information" means information designated as confidential by a party in writing, or orally if recorded as part of a deposition or court record, which has been treated by the party as confidential, which has not previously been publicly disclosed, and which consists of or relates to any of the following:

(a) any party's accounting, financial or other business records or data, pricing, cost information, pricing agreements, supply agreements, or distribution agreements;

(b) any party's research, procedures, processes, customer information, distributor information, formulas, or marketing information; or

(c) any other material or information meeting the definition of a trade secret under the Minnesota Uniform Trade Secrets Act, M.S.A §§ 325C.01.

Confidential information shall refer to all such designated information whether revealed during a deposition or other testimony, in a document, exhibit, pleading, admission, or interrogatory answer, by production of tangible evidence or otherwise.

All confidential information as designated herein shall fall into either of two categories, "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY." Access to information which falls into these categories is limited as designated herein. Documents designated "CONFIDENTIAL-ATTORNEYS EYES ONLY" or similar terms identify confidential documents which are of a highly sensitive nature and which require more stringent control than those documents or portions thereof which are designated as "CONFIDENTIAL" or some similar term alone.

3. Identification of Confidential Information.

Each party shall designate to the other parties which materials are considered confidential. Information designated as "CONFIDENTIAL" shall be identified as such by the words "CONFIDENTIAL," or the like. Information designated as "CONFIDENTIAL-ATTORNEYS EYES ONLY" shall be identified as such by the words "CONFIDENTIAL-ATTORNEYS EYES ONLY," "CONFIDENTIAL-COUNSEL ONLY," or the like. Such words shall be placed on or affixed to each document and page thereof which contains confidential information, and, in the case of an interrogatory answer, the specific portion of such answer which contains confidential information. When information not initially designated as confidential is so designated later in writing, each party shall make a reasonable effort to retrieve documents containing the later designated confidential information and otherwise ensure that persons to whom the confidential information has been disclosed will treat it as confidential, but no sanction shall be imposed upon a party for any disclosure of the later designated confidential information made prior to the party's receiving written notification of the later designation of the information that is confidential.

4. Protection of Confidentiality.

Confidential information and any notes, summaries, memoranda, exhibits, or other documents which include or describe confidential information, shall be retained by counsel for the parties to whom disclosure of the confidential information is made (hereinafter "recipient party") and, except as provided herein, shall not be disclosed to any person, including the party represented by that counsel, or used by counsel for any party other than for purposes of this action. Persons to whom access to confidential information or depositions are given pursuant to this Order shall keep

such information and any copies, abstracts, or summaries thereof secure in accordance with the purposes and intent of this Order and shall adopt and employ all suitable precautions to ensure continued confidentiality, non-use and non-disclosure including, without limitation, such precautions as protection against copying and provision for safekeeping.

5. Access to Confidential Information.

Persons entitled to have access to confidential information produced by another party shall be restricted as follows:

(a) Confidential Information designated "CONFIDENTIAL-ATTORNEYS EYES ONLY." Except as provided in Paragraphs 6 below, access to this information is restricted to the following:

(i) The Court and any employees of the Court designated by the Court, with or without notice to the parties;

(ii) Paul Kieffer, Esq. and his employees only; attorneys assisting Mr. Kieffer in connection with this lawsuit, specifically Craig Haberlack, Esq., Nancy Gistover, Esq., David Schiller, Esq., and James Young, Esq. and their employees only.

(iii) members of the Rider, Bennett, Egan & Arundel law firm and its employees only;

(iv) John Calfas, Esq. and his employees only;

(v) In-house and outside counsel for Petco and Petsmart and their employees; and

(vi) the parties respective insurance carriers and any defense counsel appointed by such carriers to defend the party.

(b) Confidential Information Designated "CONFIDENTIAL." Except as provided in paragraphs 6 and 7, below, access to this information shall be limited to the persons listed in paragraph 5(a) hereof, and in addition, the following:

(1) Thomas Hutchinson

(2) Nutro's officers, executives and management level employees;

(3) Petco's officers, executives, and management level employees;

(4) Petsmart's officers, executives and management level employees;

6. Outside Experts' Access to Confidential Information.

In the event that counsel for a recipient party believes that it is necessary to disclose any confidential information to an outside expert who is to act as a consultant, assist counsel in preparation for the trial of this action, or who is expected to testify at the trial of this action, at least ten (10) days prior to making a disclosure to such expert the party desiring to do so shall give written notice to counsel for the designating party of the proposed disclosure, fully identifying such expert. If the designating party objects to such disclosure, it shall notify the party desiring to make said disclosure in writing of its objection within the ten (10) day period and shall move the Court within seven (7) days thereafter for a ruling on whether confidential information may be so disclosed. In the event of such a motion, disclosure of confidential information to such expert shall not be made pending the ruling of the Court. On such a motion, the recipient party will have the burden of showing to the Court that such access should be granted if (i) access has previously been granted to two or more such experts engaged by recipient party, or (ii) the proposed expert is employed by or connected with a competitor of the designating party other than a party to this action. In all other instances, the designating party will have the burden of showing to the Court that such access should not be granted.

7. Officers and Employees of Party and Prospective Lay Witnesses.

In the event that counsel for a recipient party believes that it is necessary to disclose any

confidential information to (a) an officer, director or employee of the recipient party who is to assist counsel in the preparation for trial of this action, or who is expected to testify at the trial of the action regarding the subject matter of said confidential information, or (b) any prospective lay witness who is consulted in the course of preparing for trial, at least ten (10) days prior to making a disclosure to such person or persons, the party desiring to do so shall give written notice thereof to counsel for the designating party, which notice shall identify the person or persons to whom disclosure is to be made, describe the confidential information intended to be disclosed to such person or persons, and specify reasons why such disclosure is deemed necessary. If the designating party objects to disclosure of the specified confidential information to such person or persons, it shall notify the party desiring to make said disclosure of its objection in writing within the ten (10) day period and shall move the Court within seven (7) days thereafter for a ruling on whether said confidential information may be so disclosed. The party desiring to make said disclosure shall have the burden of proving to the Court that the disclosure should be permitted. In the event of such a motion, disclosure of the confidential information to such person or person shall not be made pending the ruling of the Court.

8. Conditions of Access to Confidential Information.

Before disclosure of confidential information is made to any person other than Court personnel or counsel for the parties, that person shall first read a copy of this Order, agree to be bound by it, and sign a written agreement ("Confidentiality Agreement"), a copy of which is appended hereto. Each party's counsel shall maintain a list of all persons to whom that party discloses confidential information and shall retain the original of all Confidentiality Agreements signed by such persons. The identity of any person to whom disclosure is made and a copy of the

Confidentiality Agreement with that person, shall be provided to the party which furnished or designated the confidential information.

9. Limitation on Copying.

No copies, summaries, or abstracts of confidential information shall be made by a party or its trial attorneys for distribution or use by persons other than those described in Paragraphs 5, 6 and 7.

10. Depositions.

Any deposition or portion thereof during which confidential information is being disclosed shall be taken as if *in camera* without any persons in attendance other than those described in Paragraphs 5, 6, and 7 hereof, and the deposition witness, shall: (a) state his or her name and residence address on the record, and (b) read and sign the Confidentiality Agreement if he or she has not already done so. Any party may designate any confidential information disclosed or about to be disclosed pursuant to this Order, whereupon any persons not authorized to receive the particular category of information pursuant to Paragraph 5(a) or (b) hereof, shall be excluded from the room, and the Court Reporter shall be required to separately transcribe the testimony to be taken, designating on the face of the transcript that the information is "Confidential" or "Confidential-Attorneys Eyes Only," as applicable, and shall be instructed to keep the testimony strictly confidential and to disclose the portions of the transcript so marked only to the witness whose testimony is being taken for the purpose of permitting the witness to read and sign the deposition, and to the respective counsel for the parties.

11. Confidential Information to be Filed With the Court Under Seal.

The entire transcript of every deposition and other testimony and all exhibits, answers to interrogatories, and responses to requests for admissions filed with the Court which contain designated confidential information and all portions of all pleadings, motions, briefs, memoranda or other documents filed with the Court purporting to reproduce or paraphrase confidential information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL-PROTECTIVE ORDER," and a statement substantially in the following form:

> CONFIDENTIAL
> This envelope contains a deposition transcript, documents, or information which has been designated as confidential and is not to be opened and its contents are not to be disclosed to any person other than the Court or its clerks except by order of the Court, or upon stipulation of the parties.

The fact that the entire transcript, answers, or response is filed under seal shall not thereby restrict any use which may be made of any part of any transcript, answers, or response not designated as confidential.

If the information has been deemed to be of a highly sensitive nature and which requires more control than those documents or portions thereof which are designated as "CONFIDENTIAL-PROTECTIVE ORDER" alone, then the words "CONFIDENTIAL-ATTORNEYS EYES ONLY" and a statement substantially in the following form shall be used:

> CONFIDENTIAL-ATTORNEYS EYES ONLY
> This envelope contains a deposition transcript, documents, or information which has been designated as being highly confidential and is not to be opened and its contents are not to be disclosed to any person other than the Court or its clerk except by order of the Court or upon a stipulation of the parties' counsel.

The fact that the entire document or information is filed under seal should not thereby restrict any use which may be made of any part of such document or information not designated as "CONFIDENTIAL-ATTORNEYS EYES ONLY."

12. Time for Designation of Confidential Information Contained in Transcript of Testimony.

Each party to this action shall, at the time of the transcribing of the deposition, or giving of other testimony, if possible, but not later than thirty (30) days following the date of mailing of the transcript of deposition or other testimony, designate those portions of the transcript of the deposition testimony or other testimony which it deems to contain confidential information. During this 30-day period, the transcript shall not be disclosed by a recipient party to persons other than those persons approved under the Order.

13. Dispute as to Confidentiality.

Any party or person may contest the confidential status of any information designated as confidential information. A failure to challenge a claim of confidentiality shall not constitute agreement that such claim is valid by reason of such failure to object and shall not prejudice any party or person. If any party or person disagrees with any designation of any information as confidential, he or she shall notify counsel for the other parties and they shall attempt to resolve the dispute by agreement. If the dispute is not so resolved, the information shall continue to be kept confidential unless and until the Court rules otherwise in accordance with the Federal Rules of Civil Procedure.

14. Additional Provisions.

Each party reserves the right to oppose on any grounds disclosure of any confidential information to persons not designated in Paragraphs 6 and 7 hereof.

15. Voluntary Waiver.

At any time after any information, document or deposition testimony is designated as confidential under this Order, the designating party may agree in writing that the confidential information may be disclosed to designated persons employed by a recipient party, and the designating party may waive the 10-day period set forth in Paragraph 7 of this Order. Any such agreement or waiver must also be in writing or by statement made on the record at a deposition.

16. Retained Jurisdiction.

The Court retains jurisdiction to make such amendments, modifications and additions to this Order as the Court may from time to time deem appropriate. The Court shall further retain jurisdiction to resolve any disputes concerning the disposition of materials containing confidential information at the termination of this action.

17. Amendment.

This Order may be amended by the written agreement of counsel for the parties in the form of a stipulation that shall be approved by the Court and filed herein.

18. Disposition on Termination of Action.

This stipulated Protective Order will survive the termination of this legal action. After the final termination of this action and unless the parties agree otherwise, each party or other person subject to the terms hereof shall:

(a) Assemble and make available for return to the designating party or destroy all materials, documents, summaries, and abstracts containing confidential information;

(b) Make available for return to the designating party or destroy every portion of other materials, memoranda or documents purporting to reproduce or paraphrase confidential information; and

(c) Certify in writing that the procedures set forth above have been completed.

19. Nothing contained herein shall be read or construed to cause any matter to become discoverable which is not otherwise discoverable under the Federal Rules of Civil Procedure, and the parties reserve all objections to production of information or things or the use of any materials in evidence in this case under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable rule or law.

20. Enforcement.

Any violations of this Order are punishable as a Contempt of Court, and the Court may Order fines and reparations costs as it deems appropriate. Any party may further obtain an immediate Temporary Restraining Order or Temporary Injunction against any disclosure of any information or matter designated pursuant to this Order, without any showing of irreparable harm or the posting of any bond. In addition, any party whose information has been improperly disclosed in violation of this Order may bring an action at law or in equity for any damages resulting from the disclosure, and shall be entitled to all costs, disbursements and attorneys' fees reasonably incurred in connection with such action.

APPROVED BY THE COURT AND ENTERED:

DATED: April 23, 2001

United States District Court

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

THOMAS HUTCHINSON AND
TMC STORES, INC.,

Plaintiffs,

v.

NUTRO PRODUCTS, INC.,
PETSMART, INC. AND
PETCO ANIMAL SUPPLIES, INC.,

Defendants.

Civil File No.: 00-1929 (MJD/JGL)

STIPULATION FOR ENTRY
OF PROTECTIVE ORDER

Plaintiffs, Thomas Hutchinson and TMC Stores, Inc., and defendants, Nutro Products, Inc., Petsmart, Inc., and Petco Animal Supplies, Inc., through their undersigned counsel, hereby stipulate to entry of the attached Protective Order for use in preventing disclosure of confidential information produced by and during the course of this civil action. The parties request that this Court enter the attached Protective Order.

DATED: April 19, 2001

RIDER, BENNETT, EGAN & ARUNDEL, LLP

By: John B. Lunseth II

John B. Lunseth II (65341)
Nell Elizabeth Mathews (16852X)
Michael M. Lafeber (242871)
Attorneys for Defendants
333 South Seventh Street, Suite 2000
Minneapolis, Minnesota 55402
(612) 340-7926 / (612) 340-8970 /
(612) 340-8992

FILED ______
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

KIEFFER & ASSOCIATES, LLC

By Paul V. Kieffer

Paul V. Kieffer (244326)
Lori Mittag (016056)
Attorneys for Plaintiffs
3989 Central Avenue NE, Suite 600
Columbia Heights, MN 55421

(763) 531-9868

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 2/23/01